**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lorena W. Dominguez De Rangel,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-03666-PHX-DWL (DMF)

**ORDER**

Pending before the Court is the pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), in which Petitioner challenges her immigration detention. Upon review of the briefing (Docs. 1, 9), the Court will dismiss Ground Three, the only remaining ground in the Petition, without prejudice.

## I. Background

Petitioner, a native and citizen of Honduras, became a lawful permanent resident ("LPR") on December 11, 2001. (Doc. 1 at 4, 10.) On April 25, 2025, immigration officials took Petitioner into custody at the airport in Houston, Texas, when she returned from a trip to Honduras. (*Id.* at 4.) Petitioner was subsequently ordered removed. She appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal remains pending.[1] (*Id.* at 5, 6, 8, 10.) She is currently detained at the Eloy Detention Center. (*Id.* at 4, 10.)

[1] *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Nov. 23, 2026).

Petitioner previously filed a habeas action in this Court. *Dominguez De Rangel v. Bondi*, No. CV-26-00802-PHX-DWL (DMF). Respondents in that action did not oppose Petitioner's request for a bond hearing. On March 13, 2026, the Court granted the petition as to that request and ordered Respondents to either release Petitioner or provide her a bond redetermination hearing within seven days. (Doc. 3 at 1; Doc. 9 at 1.)

On March 18, 2026, an Immigration Judge ("IJ") held the court-ordered hearing, at which Petitioner was represented by counsel. (Doc. 9-1 at 2.) Weighing Petitioner's criminal history against her evidence of family and community ties, the IJ found that Petitioner had not met her burden of showing that she is not a danger to the community and denied bond. (*Id.* at 2-4.) On April 13, 2026, Petitioner appealed that decision to the BIA. (*Id.* at 2.) On April 28, 2026, the IJ issued a written memorandum decision to facilitate the BIA's review. (*Id.* at 2-6.)

On May 26, 2026, Petitioner filed this action. (Doc. 1.) In its screening order, the Court dismissed Grounds One and Two. (Doc. 3 at 2-3.) The Court construed Ground Three as a claim that Petitioner's bond hearing did not comport with due process and ordered Respondent to answer it. (*Id.* at 2-4.) Respondent filed a Response (Doc. 9) on June 29, 2026, to which Petitioner did not reply.

## II. Discussion

### A. Jurisdiction and Exhaustion

District courts have jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). Although 8 U.S.C. § 1226(e) limits judicial review of the Attorney General's discretionary judgment regarding the detention and release of a noncitizen, it does not preclude "habeas jurisdiction over constitutional claims or questions of law," and "[c]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).

That jurisdiction does not extend to the IJ's weighing of the evidence. Where a habeas court reviews a custody determination, its review is for abuse of discretion, and the court "cannot reweigh evidence." *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). Nor may a petitioner obtain review of a discretionary determination by "cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

Jurisdiction, moreover, is not the end of the inquiry. The regulations provide that an alien may appeal an IJ's custody determination to the BIA. *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1236.1(d)(3). When a petitioner seeks habeas relief before completing that process, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Petitioner seeks habeas relief under 28 U.S.C. § 2241, which does not explicitly require administrative exhaustion. However, the "Ninth Circuit requires prudential exhaustion in habeas challenges to decisions by IJs, including bond determinations." *Aden v. Nielsen*, 2019 WL 5802013, *2 (W.D. Wash. 2019).

A court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). That discretion, however, "is not unfettered," and the exhaustion requirement "is not lightly to be disregarded." *Laing*, 370 F.3d at 998 (quoting *Murillo v. Mathews*, 588 F.2d 759, 762 n.8 (9th Cir. 1978)).

…

**B. Petitioner Has Not Exhausted Her Challenge to the Custody Determination**

In support of her claim that her bond hearing lacked due process, Petitioner states that she is not a lawyer, that she does not speak English, and that she believes her case has been misunderstood because of a language barrier. (Doc. 1 at 6.)[2] Although Petitioner appealed the IJ's March 18, 2026 custody determination to the BIA on April 13, 2026 (Doc. 9-1 at 2), the record does not reflect that the BIA has ruled. The Court finds that Petitioner has failed to exhaust her administrative remedies. *Leonardo*, 646 F.3d at 1159-60.

Petitioner asserts that there are no available administrative remedies that could order her immediate release and that the remedies she has pursued have resulted only in continued detention. (Doc. 1 at 5, 6.) To the extent that Petitioner asserts that BIA review would be futile or that the administrative remedy is inadequate, she has not made either showing. Recourse to the BIA is futile where "the agency's position on the question at issue appears already set." *Hernandez*, 872 F.3d at 989 (quoting *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991)). Petitioner does not identify any such position here. Futility cannot rest on a generalized prediction that the BIA is unlikely to rule in Petitioner's favor. *Santos Barrera v. Semaia*, 2025 WL 2684198, *4 (C.D. Cal. 2025) ("Arguing in generalities that the BIA is unlikely to rule favorably for a petitioner is not sufficient to trigger waiver [of the exhaustion requirement]."). Nor is the administrative remedy inadequate. Petitioner's claim that a language barrier led to a misunderstanding of her case is a procedural claim that the BIA can review and correct. *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007) (procedural due process claims "must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims"). The BIA reviews an IJ's rulings on questions of law, discretion, and judgment de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

[2] To the extent Ground Three disputes the IJ's conclusion that the evidence of Petitioner's criminal history outweighed the evidence of her family and community ties, the Court cannot reweigh that evidence. *See Martinez*, 124 F.4th at 785; 8 U.S.C. § 1226(e).

Nothing in the record suggests that Petitioner's concerns cannot be raised in her pending appeal.

Nor has Petitioner shown irreparable injury. Detention that follows a bond hearing is not by itself irreparable harm sufficient to waive the exhaustion requirement. *See, e.g.*, *Reyes v. Wolf*, 2021 WL 662659, *3 (W.D. Wash. 2021) ("Ms. Diaz provides no binding authority suggesting that civil detention after the denial of a bond hearing constitutes irreparable harm such that prudential exhaustion should be waived."), *aff'd sub nom. Diaz Reyes v. Mayorkas*, 854 F. App'x 190 (9th Cir. 2021). Permitting a detainee "to avoid the administrative scheme based solely on the additional time required to pursue administrative remedies would create an exception to exhaustion that would swallow the rule." *Martinez v. Scott*, 2025 WL 2689844, *6 (W.D. Wash. 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. 2025).

Petitioner's prior habeas action also does not change the analysis. In *Leonardo*, an alien received a court-ordered bond hearing, was denied bond, and sought review in the district court without first appealing to the BIA. *Leonardo*, 646 F.3d at 1159. The Ninth Circuit held that "[t]his short cut was improper." *Id.* at 1160. Here, the March 13, 2026 order in Petitioner's earlier habeas action required a bond hearing, and Petitioner received one. (Doc. 9-1 at 2.) This Court has required petitioners to pursue the BIA review process after a court-ordered bond hearing. *See, e.g., Mancia v. Bondi*, 2026 WL 1596259, *3-4 (D. Ariz. 2026); *Pantoja-Ramos v. Rokosky*, No. CV-26-04194-PHX-DWL, Doc. 10 at 2-3 (D. Ariz. Nov. 12, 2026).

In sum, no *Laing* factor excuses exhaustion of Petitioner's challenge to the custody determination. Excusing exhaustion here would allow Petitioner to obtain review in this Court before the BIA has had the opportunity to correct any error. *Laing*, 370 F.3d at 1000 (whether waiver "would encourage the deliberate bypass of the administrative scheme" is "a key consideration") (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)). Consistent with *Leonardo*, Petitioner's challenge to the custody determination will be dismissed without prejudice. If the BIA has ruled on Petitioner's bond appeal since the

briefing was completed, dismissal without prejudice does not prevent her from filing a new § 2241 petition directed to that decision. *Leonardo*, 646 F.3d at 1161.

Accordingly,

**IT IS ORDERED** that:

1. Ground Three, the sole remaining ground in the § 2241 Petition (Doc. 1), is **dismissed without prejudice** for failure to exhaust administrative remedies.

2. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 25th day of November, 2026.

Dominic W. Lanza
United States District Judge